Amedeo Louis **MARIORENZI** and Grace Mary Mariorenzi, Petitioners-Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent-Appellee.

No. 73-1341.

United States Court of Appeals, First Circuit.

Argued Jan. 7, 1974.

Decided Jan. 10, 1974.

Louis J. Vallone, Providence, R. I., for appellants.

John G. Manning, Atty., Tax Div., Dept. of Justice, with whom Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks and Richard W. Perkins, Attys., Tax Div., Dept. of Justice, were on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

PER CURIAM.

The issue in this tax refund case is whether petitioners, whose investment portfolio includes tax-exempt bonds acquired shortly before and after the incurring of a home mortgage loan, are precluded from deducting the interest payments on that loan. After consideration of the briefs and argument of counsel, we affirm the decision of the Tax Court. T.C.Memo. 1973–141. Upon all the evidence the Tax Court was entitled to find, as it did, that the mortgage loan was made to assist petitioners in their investment program and, in particular, so that they could acquire more tax-exempt bonds as well as carry those earlier acquired. We agree with the Court that Section 265(2) of the Internal Revenue Code would not apply merely because a taxpayer incurred or continued indebtedness at the same time that he held tax-exempt securities. The question in every case is whether the facts establish a sufficiently direct relationship between the loan and the tax-exempts. A court may look to whether "the total impression given by the evidence leads to the conclusion that the taxpayer had the forbidden purpose." Illinois Terminal R.R. v. United States, 375 F.2d 1016, 1022–1023, 179 Ct.Cl. 674 (1967). Here it could reasonably be inferred that the loan was taken out to free available cash resources for investment in tax-exempt securities. The loan, otherwise, might be thought to have made little economic sense. There was cash to pay the taxes and the return from the taxable savings accounts was seemingly insufficient, given petitioners' bracket, to make it worthwhile to obtain a loan merely to keep them intact. We rely in other respects upon the reasoning of the Tax Court.

The decision of the Tax Court is affirmed.